IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHNNY BELLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:03 CV 1007 |
| v. | § | |
| | § | |
| PORT ARTHUR INDEPENDENT SCHOOL | § | JUDGE RON CLARK |
| DISTRICT AND BILL MINX, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Before the court is Plaintiff's Motion for Relief from Judgment [Doc. # 22]. Plaintiff alleges grounds of excusable neglect, fraud, and exceptional circumstances. Plaintiff's motion is brought almost fourteen months after the entry of final judgment. Because Plaintiff failed to meet the timely filing requirements for this motion, cannot establish exceptional circumstances, and failed to meet the requirements for an independent action in equity for relief, Plaintiff's motion is **DENIED**.

**I. Background**

Plaintiff's original complaint, filed on September 29, 2003, alleged Defendants discriminated against him and his wife on the basis of race when they terminated him from his position as bus driver. Additionally, Plaintiff alleged Defendants intentionally inflicted emotional distress and retaliated against him for refusing to break the law. Further, Plaintiff alleged negligent supervision of Defendant Minix by Defendant Port Arthur Independent School

1

district.

After the initial complaint and answer, Defendants moved for summary judgment on April 12, 2004.  Plaintiff failed to respond to this motion and on May 17, 2004 final judgment was entered in favor of Defendants.  Subsequent to the final judgment, Plaintiff made a motion to extend time to file notice of appeal, which was denied on July 13, 2004.  Plaintiff then took no action in this case for more than a year.

On July 15, 2005, Plaintiff brought this motion to obtain relief from the May 17, 2004 judgment.  Currently, Plaintiff alleges that grounds of excusable neglect, fraud, and exceptional circumstances exist under Fed. R. Civ. P. 60(b).  Defendants oppose the motion on the grounds that all of Plaintiff's claims are time barred, and in the alternative, Plaintiff fails to meet the standard for granting such relief.

## II. Law and Analysis

Plaintiff's motion for excusable neglect and for fraud are brought under Fed. R. Civ. P. 60(b)(1) and (3) respectively.  Such motions "shall be made within a reasonable time, *and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*"  Fed. R. Civ. P. 60(b).  Under this rule, "[t]he time runs from the date the district court entered final judgment." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).  Where the Plaintiff does not bring the motion within the time period, the court is correct to conclude the motion is time barred. *Id.*  Here, Plaintiff filed his motion for relief almost fourteen months after the grant of final judgment.  Plaintiff's motion on the grounds of excusable neglect and fraud under Fed. R. Civ. P. 60(b)(1) and (3) is time barred.

Additionally, Plaintiff alleges that grounds exist under the residual clause of Fed. R. Civ. P 60(b)(6) due to exceptional circumstances that make the judgment manifestly unjust, citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).  However, *Liljeberg* provides that a Rule 60(b)(6) motion may be granted "provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Id* at 863.  Even if Plaintiff's motion is deemed to be made within a reasonable time, Plaintiff must still provide grounds other than excusable neglect and fraud to avail himself of this catch all provision.  Moreover, "[t]o justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 393 (1993).

In this case, Plaintiff's reasoning behind the application of the catch all provision is that "Plaintiff has not been allowed to present evidence of Defendant's misconduct in connection with the grounds for Plaintiff's termination as alleged by Defendant." Pl. Mot. For Relief from Judgment, ¶ 8.  This claim is hardly exceptional.  Plaintiff had ample time to present evidence in this case and failed to respond to Defendant's Motion for Summary Judgment, make a motion for a new trial, or timely appeal this case.  Furthermore, Plaintiff's own motion and affidavits demonstrate that he is not faultless in the delay.  *See* Pl. Mot. For Relief from Judgment, Ex. A (Plaintiff's attorney admits he and his staff failed to schedule the response to the motion for summary judgment).  Thus, Plaintiff cannot resort to Rule 60(b)(6) on the grounds alleged in Plaintiff's motion.

The court notes that Fed. R. Civ. P. 60(b) does not limit an independent action brought in equity for relief from judgment.  However, independent actions are reserved for cases of gross

injustice, such that they demand a departure from Rule 60(b)'s time restrictions. *U.S. v. Beggerly,* 524 U.S. 38, 46 (1998). "[U]nder the Rule, an independent action should be available only to prevent a grave miscarriage of justice." *Id*. at 47.  In this case, Plaintiff fails to meet this demanding standard.  Plaintiff's allegations of fraud amount to an evidentiary dispute over time records; they do not rise to the standard of a grave miscarriage of justice.  Furthermore, Plaintiff does not allege Defendants or anyone else prevented him from ever responding.  Even if Plaintiff's motion is construed as making an additional request for an independent action in equity, Plaintiff fails to meet the stringent standard in this case.

### III. Conclusion

While a court should not  deny a Plaintiff a fair opportunity to present his claims, the facts of this case do not justify granting Plaintiff's motion.  Plaintiff missed multiple filing deadlines, and currently does not allege any grounds upon which this court finds cause to grant relief.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment **[Doc. #22]** is  **DENIED** in its entirety.

So **ORDERED** and **SIGNED** this **7**  day of **September, 2005.**

_____
Ron Clark, United States District Judge